IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. CIONI,

                Plaintiff,

v.                                                         OPINION and ORDER

SAMSUNG CELL PHONE COMPANY and CARRIER         23-cv-302-jdp
T-MOBILE,

                Defendants.

---

Pro se plaintiff Matthew J. Cioni has filed an amended complaint alleging that his father's Samsung cellphone caught fire while it was charging, which killed Cioni's father as he slept. Cioni alleges that his father purchased the cellphone from defendant Carrier T-Mobile. Cioni has three strikes under 28 U.S.C. § 1915(g), but he has paid the full filing fee. Nevertheless, because Cioni is incarcerated, I must screen the amended complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Cioni's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the amended complaint for failure to state a claim, but I will allow Cioni a final opportunity to file a second amended complaint that fixes the problems identified in this order.

ANALYSIS

In view of Cioni's pro se status, I will assume that defendant Samsung Cell Phone Company refers to Samsung Electronics Co. Ltd. (a Korean corporation whose principal place

of business is Korea), and that defendant Carrier T-Mobile refers to T-Mobile USA, Inc. (a Delaware corporation whose principal place of business is Washington State). *See AT&T Mobility LLC v. T-Mobile USA Inc.*, No. 22-cv-760, 2023 WL 186809, at *1 (E.D. Tex. Jan. 13, 2023); *Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, No. 09-cv-1, 2009 WL 1615528, at *1 (W.D. Wis. June 9, 2009). Cioni alleges that he's a Wisconsin resident, so the parties' citizenship is diverse, and Cioni seeks greater than $75,000 in damages. Cioni has alleged a basis for diversity jurisdiction.

Cioni's allegations suggest a Wisconsin-law wrongful death action based on strict liability claims against Samsung for design defect and manufacturing defect. Cioni's allegations also suggest a claim against Samsung based on negligent design. From what I can tell, Cioni seeks to proceed against T-Mobile based on an ordinary negligence claim.

A.  **Design defect**

To state a design defect claim, Cioni must allege that the cellphone's design posed foreseeable risks that Samsung could have reduced or avoided by adopting a reasonable alternative design, and that the omission of the alternative design stopped the cellphone from being reasonably safe. *See* Wis. Stat. § 895.047(1)(a). The omission of the alternative design must have caused the fire. *See id.* § 895.047(e).

Cioni alleges that the cellphone caught fire while it was charging but his allegations end there. He doesn't allege, even generally, that the cellphone had a design defect that caused the fire. It's possible that a design defect caused the fire, but there are other possible causes. Cioni must explain why the cellphone's design was defective in enough detail to raise his right to relief above the speculative level and support a reasonable inference that Samsung is liable for

the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I will not allow Cioni to proceed on this claim.

### B. Manufacturing defect

To state a manufacturing defect claim, Cioni must allege that the cellphone departed from its intended design even though Samsung exercised all possible care in manufacturing it and that this departure caused the fire. *See id.* § 895.047(1)(a), (e).

Cioni hasn't alleged these elements, even generally. By itself, the bare assertion that the cellphone caught fire while charging doesn't support a reasonable inference that it had a manufacturing defect. Cioni's allegations must contain enough detail to suggest that Samsung defectively manufactured the cellphone. I will not allow Cioni to proceed on this claim.

### C. Negligent design

To state a negligent design claim, Cioni must allege that: (1) Samsung owed him a duty; (2) the cellphone's design failed to meet the standard of care that duty required, thus breaching it; and (3) this breach caused the fire. *See Murphy v. Columbus McKinnon Corp.*, 2022 WI 109, ¶ 48. I will not allow Cioni to proceed on this claim because he hasn't explained how the cellphone's design failed to meet the standard of care.

### D. Negligence

To state a negligence claim against T-Mobile, Cioni must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17; *see also Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 23. I will not allow Cioni to proceed on this claim because he hasn't explained how T-Mobile breached the standard of care. The bare assertion that T-Mobile sold, or provided service for, a cellphone that caught fire while charging doesn't mean that it breached any applicable standard of care.

CONCLUSION

I will allow Cioni to file a second amended complaint that fixes the above problems. In drafting the second amended complaint, Cioni should:

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Cioni believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals or entities he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew J. Cioni's amended complaint, Dkt. 11, is DISMISSED for failure to state a claim.

2. Plaintiff may have until November 20, 2023, to submit a second amended complaint that fixes the above problems.

3. Plaintiff must file his second amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered October 19, 2023.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge