IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. CIONI,

                Plaintiff,

   v.                                                    OPINION and ORDER

SAMSUNG ELECTRONICS CO. LTD. and              23-cv-302-jdp
SAMSUNG ELECTRONICS AMERICA, INC.,

                Defendants.

---

In response to my order, plaintiff Matthew J. Cioni, proceeding without counsel, filed a second amended complaint alleging that his father's Samsung Galaxy Note cellphone caught fire while it was charging and killed him as he slept. Dkt. 16. Cioni paid the full filing fee but, because he was incarcerated when he brought this lawsuit, I screened the second amended complaint and allowed him to proceed on Wisconsin-law strict design defect and negligent design claims against defendant Samsung Electronics Co. Ltd. (Samsung Korea). Dkt. 17. I later amended that order to allow Cioni to proceed on those claims against Samsung Electronics America, Inc. (Samsung America). Dkt. 22. The U.S. Marshal served process on Samsung America, but Samsung Korea has yet to be served.

Samsung America moves to dismiss, contending that Cioni failed to state a claim upon which relief may be granted under the Wisconsin wrongful death statute and on his strict design defect and negligent design claims. Dkt. 25. I will deny Samsung America's motion to dismiss, and I will instruct Cioni about serving process on Samsung Korea.

ANALYSIS

A. Wrongful death statute

Under Wisconsin's wrongful death statute, a person that causes the death of another party by a wrongful act is liable for damages if the injured party could have maintained an action and recovered damages had the party not died. *See Bowen v. Am. Fam. Ins. Co.*, 2012 WI App 29, ¶ 10 (citing Wis. Stat. § 895.03). As relevant here, a wrongful death action may be brought "by the person to whom the amount recovered belongs." Wis. Stat. § 895.04(1). This category of plaintiffs "is further described in Wis. Stat. § 895.04(2), which establishes a hierarchy of claimants eligible to recover." *Bowen*, 2012 WI App 29, ¶ 11. If no spouse or domestic partner survives, "the amount recovered belongs to the deceased's lineal heirs as determined by Wis. Stat. § 852.01." *Id.* (alteration adopted). "Under Wis. Stat. § 852.01(1)(a) and (b), if the deceased's spouse or domestic partner does not survive, the deceased's next lineal heirs are his or her children." *Id.*

Samsung America contends that Cioni isn't "a person to whom the recovered amount belongs" under Wis. Stat. § 895.04(1), but its explanation is unclear. Dkt. 26 at 7. Cioni alleges that he's bringing this action on behalf of his late father, and Samsung America doesn't contend that Cioni's father had a spouse or domestic partner when he died. *See Obituaries: Bruce J. Cioni*, Beloit Daily News, Nov. 29, 2021, *available at* 2021 WLNR 39104044. Under Wis. Stat. § 852.01, heirs may include a decedent's children. Wis. Stat. § 895.04(4) also contains language showing that an adult child may bring a wrongful death action on behalf of his late parent in some cases. *See Pierce v. Am. Fam. Mut. Ins. Co.*, 2007 WI App 152, ¶ 7 ("We . . . conclude that . . . § 895.04(4) allows an adult child to recover . . . for the wrongful death of a parent."). The contention that Cioni isn't a person entitled to bring this claim is meritless.

Samsung America contends that Cioni hasn't stated a claim under the wrongful death statute because he hasn't "alleged any injury from which he is entitled to relief." Dkt. 26 at 7. In particular, Samsung America contends that Cioni hasn't alleged any pecuniary injury. *Id.* at 8; *see also* Wis. Stat. § 895.04(4) (providing that "damages for pecuniary injury" may be awarded in a wrongful death action). Pecuniary damages "include[] claims for loss of support, contribution, and inheritance." *Petta v. ABC Ins. Co.*, 2005 WI 18, ¶ 17. Cioni hasn't alleged this type of injury.

But other damages are available under the wrongful death statute. As relevant here, § 895.04(4) authorizes damages not exceeding $350,000 for children of the deceased adult "for loss of society and companionship." Cioni alleges that the aftermath of the fire "haunts" him every day and that he seeks damages for the "loss" of his father. Dkt. 16 at 3, 7. These allegations are enough to state a plausible claim for loss of society and companionship.

Samsung America also contends that Cioni hasn't stated a wrongful death claim because his father wouldn't have been able to state a claim for strict design defect or negligent design. Dkt. 26 at 8. This argument is addressed in the next section.

B.  **Substantive claims**

Samsung America contends that Cioni didn't plausibly allege the elements of his strict design defect and negligent design claims. *See* Dkt. 26 at 8–12. In screening the second amended complaint, I applied the same standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 17 at 1 (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Samsung America agrees that I correctly stated the elements of these claims in my screening order, *see* Dkt. 26 at 9, 11, and it hasn't identified any clear error in my determination that Cioni plausibly alleged the elements of these claims.

3

These observations would be enough to deny Samsung America's motion, especially because Cioni proceeds without counsel and I must generously construe his allegations.

But I will address some of Samsung America's contentions in greater detail. Samsung America notes that, to state a strict design claim, Cioni must allege in material part that "the cellphone's design posed foreseeable risks that Samsung could have reduced or avoided by adopting a reasonable alternative design." Dkt. 26 at 10 (citing Dkt. 17 at 2). Cioni didn't expressly allege that element, but I concluded that it was plausible to infer that it could have adopted a reasonable alternative design considering the prevalence of Samsung phones. *Id.* Samsung America "respectfully disagrees with this assumption, and also disagrees that even a barebones allegation that there exists a reasonable alternative design would satisfy [the plausibility pleading standard]." *Id.* But it's implicit in Cioni's allegations that Samsung America could have designed the cellphone more safely, and the ubiquity of Samsung phones supports that allegation. *Cf. Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) ("In reviewing a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), the Court construes all allegations *and any reasonable inferences* in the light most favorable to the plaintiff." (alteration adopted) (emphasis added)); Siladitya Ray, *Apple Is No Longer the World's Biggest Smartphone Maker By Volume*, Forbes, Apr. 15, 2024, *available at* 2024 WLNR 4392310 ("Samsung became the world's biggest smartphone maker in the first three months of the year, with 60.1 million shipments."). Samsung America's argument may have more traction at summary judgment. But at this early stage, it's plausible to infer that many millions of people are safely using Samsung cellphones, which is enough to suggest the existence of a reasonable alternative design.

Samsung America also contends that Cioni hasn't identified the cellphone that caught fire with enough specificity to state a claim. *See* Dkt. 26 at 9–11 & n.2. But Cioni alleged that the phone was a Samsung Galaxy Note, providing both the manufacturer and series. Cioni also described the cellphone's design flaws and alleged that he kept it and had it examined by an expert to confirm that it caused the fire. *See* Dkt. 16 at 4; Dkt. 17 at 1–2. Cioni's material allegations are not, as Samsung America repeatedly says, merely conclusory. Dkt. 26 at 4, 6, 9, 11.

In short, Cioni has stated plausible strict design defect and negligent design claims. I will deny Samsung America's motion to dismiss.

## C. Service of process

I have discretion to order the U.S. Marshal to serve process where, as here, the plaintiff pays the filing fee. *See* Fed. R. Civ. P. 4(c)(3). But the U.S. Marshal is almost never involved in serving process on foreign corporations. So, ordering the U.S. Marshal to serve process on Samsung Korea was not appropriate. *See* Dkt. 17 at 4. Because I cannot compel the U.S. Marshal to serve process on Samsung Korea, Cioni will have to complete this task himself. Cioni should visit the U.S. State Department's website for more information about that task.[1] I will give Cioni 90 days from the date of this order to serve process on Samsung Korea and file a proper return of service. If Cioni doesn't serve process on Samsung Korea within 90 days, I will dismiss his claims against that corporation without prejudice.

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/KoreaRepublicof.html.

ORDER

IT IS ORDERED that:

1. Defendant Samsung Electronics America, Inc.'s motion to dismiss, Dkt. 25, is DENIED.

2. Plaintiff Matthew J. Cioni has until December 4, 2024, to serve process on defendant Samsung Electronics Co. Ltd.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered September 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge