IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. CIONI,

                Plaintiff,

  v.

SAMSUNG ELECTRONICS AMERICA, INC.,

                Defendant.

ORDER

23-cv-302-jdp

---

Defendant Samsung Electronics America, Inc. moves to strike plaintiff Matthew J. Cioni's disclosure of expert witnesses and prevent Cioni from presenting any expert witness testimony in this case. Dkt. 41. Cioni's expert witness disclosures are clearly deficient, so the court will grant the motion in part. But because Cioni is proceeding pro se, the court will give him a final opportunity to cure the problems identified in this order before entertaining the sanction of exclusion when that issue becomes ripe.

ANALYSIS

Cioni, proceeding without counsel, filed a second amended complaint alleging that his father Bruce Cioni's Samsung cellphone caught fire while it was charging, which killed him as he slept. Dkt. 16. The court allowed Cioni to proceed on Wisconsin-law strict design defect and negligent design claims against Samsung America. Dkt. 17 and Dkt. 22.

The court set a schedule for this case, including deadlines for disclosing any witnesses that may offer expert testimony. The court's scheduling order provided instructions on how to properly disclose these expert witnesses. Dkt. 31 at 4–5. The order explains that Federal Rule of Civil Procedure 26(a)(2) governs expert disclosures, and it cautions the parties that

failing to comply with the rule could preclude the presentation of evidence from expert witnesses. *Id.* at 4.

On November 12, 2024, four days after the court's deadline for plaintiff's expert disclosures, Cioni served defendant with a document titled "Expert Witnesses." This document listed the following:

- A report from the Wisconsin Department of Justice, Division of Criminal Investigations (DCI);
- Reports from the marshal of the Beloit Fire Department and the Beloit Police Department;
- Michael Boyd, a purported Samsung phone expert;
- Douglas A. Noah, a senior fire consultant;
- Whitemore Fire Consultants; and
- Cioni and relatives Jeff Cioni, Stephanie F. Cioni, and Tim Cioni.

Dkt. 40.

Samsung America filed the instant motion, asking to strike Cioni's expert witness disclosures for two reasons: (1) Cioni filed them four days after the November 8, 2024 deadline; and (2) Cioni hasn't complied with Rule 26(a)(2)'s requirements. Dkt. 42.

Cioni's short delay in filing his expert witness disclosures doesn't warrant striking the document because Samsung America hasn't explained how this delay was prejudicial. And even if there were some small prejudice, the new schedule set forth below cures it.

But the content of Cioni's disclosures does present a problem. Cioni didn't follow the court's scheduling order, which requires parties to disclose expert witnesses in advance "and explain what those experts are going to say at trial." Dkt. 31 at 4-5. To make a proper

disclosure, parties must follow Rule 26(a)(2) and provide either, under subsection (B), a report for retained experts or, under subsection (C), a summary for non-retained experts.[1]

Cioni must supplement his disclosures to provide the missing information.[2] Instead of simply listing names, he must explain what opinions those individuals will offer and the factual bases for them, along with the other requirements of Rule 26(a)(2). Instead of simply listing reports without detail, he must explain whether he is naming the authors of those reports as experts in this case. And, again, explain what opinions those report authors will offer and the factual bases for them, along with the other requirements of Rule 26(a)(2). If Cioni is incorporating the reports by reference, he must ensure that they satisfy Rule 26(a)(2) on their own and contemporaneously produce them with his disclosures.

Because Cioni is proceeding without counsel, the court will give him until February 10, 2025 to supplement his expert witness disclosures. The court will also extend the deadline for Samsung America to supplement its expert witness disclosures to February 20, 2025.

The court otherwise denies defendant's request to exclude expert testimony as premature. If Cioni fails to supplement his expert disclosures to bring them into compliance, defendant is then free to move to exclude any expert testimony Cioni attempts to introduce at the applicable time—*e.g.*, at summary judgment or at trial.

---

[1] Cioni listed himself and relatives as expert witnesses. It is not clear what expert opinion he or his relatives have to offer in this products liability case. If Cioni simply means to call himself and his relatives as fact witnesses, they do not need to be listed in the disclosures. But if he and his relatives intend to offer expert testimony, Cioni must follow Rule 26(a)(2).

[2] In his disclosures, Cioni says that he wants to subpoena Noah. If Cioni needs the court's assistance to issue a document subpoena to Noah, he must file a separate motion asking the court to issue a document subpoena that complies with this court's procedures.

ORDER

IT IS ORDERED that:

1. Defendant's motion to strike plaintiff's experts, Dkt. 41, is GRANTED in part and DENIED in part.

2. Plaintiff has until February 10, 2025, to submit proper expert witness disclosures.

3. Defendant's deadline to supplement its expert witness disclosures is extended to February 20, 2025.

Entered January 23, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge