IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. CIONI,

                Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,

                Defendant.

OPINION and ORDER

23-cv-302-jdp

---

Plaintiff Matthew J. Cioni, proceeding without counsel, alleges that his father's Samsung cellphone caught fire while it was charging, which killed him as he slept. I allowed Cioni to proceed against defendant Samsung Electronics America, Inc. on Wisconsin-law strict design defect and negligent design claims.

Samsung America moves for summary judgment. Dkt. 53. There's no evidence that Cioni's father's cellphone caused the fire that killed him. One of Cioni's own experts says that the fire was likely caused by a lit candle that fell off a table. I will grant Samsung America's motion, and I will deny its motion to compel as moot.

UNDISPUTED FACTS

The court required Cioni to respond to Samsung America's motion for summary judgment and to submit proper expert disclosures by February 10, 2025. Cioni didn't complete either task by the deadline. Eight days later, February 18, Cioni called the clerk's office and said that he wanted to check on the status of the case. The clerk's office told Cioni about the deadline, and he said that he didn't receive the court's briefing schedule for the motion. The clerk's office confirmed Cioni's address, and no court mail sent there has been returned as

undeliverable. In any case, Cioni said that he would respond to the motion the next day, but again the court received nothing. Cioni called the court again on March 21 to ask if the court had received his response to Samsung America's motion. Cioni said that he'd resend it and the court should have his response by March 26. That date has passed and again the court received nothing.

Cioni hasn't shown a good reason to extend the response deadline. I will accept Samsung America's proposed facts as undisputed. *See Allen-Noll v. Madison Area Tech. College*, 969 F.3d 343, 349 (7th Cir. 2020); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A]failure to respond by the nonmovant as mandated by the local rules results in an admission.").

With that background, the following facts are undisputed.

On November 19 or 20, 2021, Cioni's father, Bruce J. Cioni, died in a serious fire at his residence in Beloit, Wisconsin. Special Agent Ryan M. Windorf of the Wisconsin Department of Justice, Division of Criminal Investigation, examined the fire scene. Windorf concluded that the fire started near a couch beside the east wall of the living room. Numerous electronic devices were found on and near the couch, and four glass candles were found near the northwest corner of the couch. Windorf couldn't determine the cause of the fire.

Douglas A. Noah of Whitmore Fire Consultants, Inc. examined the scene on December 1, 2021. Noah reported that Cioni told him that his father would sleep on a couch beside the east wall of the living room, next to which there was a folding end table. Cioni's wife said that she had observed a lit candle on that table. Noah determined that the fire started on the east wall of the living room. The couch beside that wall was mostly consumed by the fire, the heaviest damage occurring to its north side.

Candles and their remains were found at the scene. Melted candle wax was found on the floor on the north side of the couch. Noah opined that the fire was likely caused by a lit candle that fell off the end table and ignited the legs of the table, the couch, or both.

Two cell phones were found on the scene. The older phone sustained heavier damage, but its lithium battery stayed mostly intact. Noah eliminated both phones as causes of the fire based on his experience with lithium battery failures.

ANALYSIS

To prevail on a strict design defect claim, Cioni must show that: (1) the cellphone was defective in design; (2) the defective condition made the cellphone unreasonably dangerous; (3) the defective condition existed when the cellphone left the manufacturer's control; (4) the cellphone reached Bruce Cioni without substantial change in the condition in which it was sold; and (5) the defective condition caused the fire. *See Teresko v. Liberty Mut. Ins. Co.*, No. 22-cv-1532, 2024 WL 4415346, at *38 (E.D. Wis. Oct. 4, 2024); Wis. Stat. § 895.047(1). To prevail on a negligent design claim, Cioni must show that: (1) Samsung America owed Bruce Cioni a duty; (2) the cellphone's design failed to meet the standard of care that duty required, thus breaching it; and (3) this breach caused the fire. *See Murphy v. Columbus McKinnon Corp.*, 2022 WI 109, ¶ 48. Samsung America contends that Cioni has no evidence that either of his father's phones were defective or that the phones caused the fire. I will limit my analysis to the question of causation because that alone is decisive.

Determining what caused the fire at Bruce Cioni's residence is outside the common knowledge and everyday experience of a lay juror, so Cioni needs expert testimony to establish this element. *Shanley v. Omega Flex, Inc.*, No. 19-cv-664-slc, 2021 WL 778921, at *3 (W.D.

Wis. Mar. 1, 2021). Among other individuals, Cioni disclosed Windorf (or more specifically his report) and Noah as expert witnesses. Dkt. 40. But Windorf could not determine the cause of the fire, and Noah determined that the fire was likely caused by a lit candle that fell off a table near the couch where Bruce Cioni was sleeping when he died. Noah specifically ruled out the cellphone as a cause of the fire. There's no evidence from any of Cioni's disclosed experts that a defective battery in Bruce Cioni's Samsung cellphone caused the fire that killed him.

Samsung America has met its initial burden to show "an absence of evidence to support" the elements of causation on Cioni's claims. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). And Cioni hasn't "come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994). I will grant Samsung America's motion for summary judgment. I will deny its motion to compel as moot.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 53, is GRANTED, and its motion to compel, Dkt. 49, is DENIED as moot.

2. The clerk is directed to enter judgment and close the case.

Entered March 27, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge